SOCIAL WORK LICENSING BOARD *v.* Randall C.
MONCEBAIZ

97-625                                    962 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered February 26, 1998

68

*Winston Bryant*, Att'y Gen., by: *Leigh Anne Yeargan*, Asst. Att'y Gen., for appellant.

*Walter Skelton*, for appellee.

RAY THORNTON, Justice. The issue on this appeal is whether appellant Arkansas Social Work Licensing Board (the "Board") erred in denying appellee Randall Moncebaiz licensure in Arkansas. On review, the Polk County Circuit Court reversed the Board's decision denying Mr. Moncebaiz's application to have his Texas "Social Work Associate License" transferred as arbitrary and capricious. We disagree. We hold that the Board's decision was supported by the clear and unambiguous language of our Social Work Licensing Act and was not arbitrary and capricious. Accordingly, we affirm the Board's decision and reverse the order of the circuit court.

On March 11, 1996, Mr. Moncebaiz contacted the Board and applied for transfer of his Texas Social Work Associate License to Arkansas, based on our reciprocity statute, Ark. Code Ann. § 17-46-302 (Repl. 1995). At the time of this contact, he was planning to move from Texas to Mena, Arkansas, to accept a position as a social worker at Alpha Psychological. In a letter dated

April 8, 1996, the Board denied reciprocity based on its determination that Mr. Moncebaiz did not possess "a degree in social work approved by the Council on Social Work Education (CSWE) in order to be approved for licensure." Mr. Moncebaiz requested a hearing to reconsider the Board's decision, and the Board allowed him to appear personally. However, after his appearance, the Board again denied his application, stating that it had "no flexibility at all" with respect to the education requirement.

Mr. Moncebaiz filed a petition for judicial review in the Polk County Circuit Court under our Administrative Procedure Act, Ark. Code Ann. § 25-15-212 (Repl. 1996). The parties met before the Board on November 11, 1996, to create a record for the circuit court's review of the Board's decision because no minutes existed from Mr. Moncebaiz's prior appearance. The record of this hearing establishes that Mr. Moncebaiz was an experienced social worker in Texas. However, the Board based its decision denying him licensure on the facts that Mr. Moncebaiz obtained his degree in behavioral sciences from Concordia College, an Austin, Texas, institution that was not accredited; that he received his degree in a degree program other than social work; and that his license in Texas was an "associate" license, a designation for which our Licensing Act does not provide. In reaching its decision, the Board applied a literal reading of our qualification statute, Ark. Code Ann. § 17-46-306(a)(1) (Repl. 1995).

■    The Board's sole argument on appeal is that its decision denying Mr. Moncebaiz licensure was not arbitrary and capricious and was supported by substantial evidence. Under the Administrative Procedure Act, we review state agency decisions to determine whether they should be reversed under any of the six criteria set forth in section 25-15-212(h). *Arkansas Dept. of Human Servs. v. Thompson*, 331 Ark. 181, 185, 959 S.W.2d 46 (1998). The test for substantial evidence is whether the proof before the agency was "so nearly undisputed that fair-minded persons could not reach [the same] conclusion." *Arkansas State Highway & Transp. Dep't v. Kidder*, 326 Ark. 595, 598, 933 S.W.2d 794, 795 (1996). We do not review this case under the substantial-evidence standard because the issue is not whether the evidence supports the

Board's finding. Rather, the issue is whether the Board erred in applying the provisions of our Licensing Act, and we review the Board's decision to ascertain whether it was "arbitrary, capricious, or characterized by abuse of discretion." *See* Ark. Code Ann. § 25-15-212(h)(6).

We conclude that the Board's decision finding that Mr. Moncebaiz did not meet the requirements for reciprocity under our statute was not arbitrary and capricious or characterized by an abuse of discretion. We reach this conclusion for two reasons: (1) Mr. Moncebaiz failed to qualify for licensure under section 17-46-306, and thereby failed to meet the requirements for reciprocity; and (2) Mr. Moncebaiz was licensed in Texas as an "associate," a licensing level that is lower than any of our three levels of qualification provided under subsections 17-46-306(a), (b), & (c).

■ Review of agency decisions by both the circuit court and this court is limited in scope. *Thompson,* 331 Ark. at 185, 959 S.W.2d at 48. Our review is directed toward the decision of the administrative agency, rather than the decision of the circuit court. *Id.* The agency is better equipped "by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies." *Id.*

■ We will not substitute our judgment for that of the agency unless the decision of the agency is arbitrary and capricious. *Arkansas Bank & Trust Co. v. Douglass,* 318 Ark. 457, 461, 885 S.W.2d 863, 865 (1994). To reverse an agency's decision because it is arbitrary and capricious, it must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Arkansas Dep't of Human Servs. v. Kistler,* 320 Ark. 501, 508, 898 S.W.2d 32, 36 (1995); *see also Douglass,* 318 Ark. at 460, 885 S.W.2d at 865. Although an agency's interpretation is highly persuasive, where the statute is not ambiguous, no interpretation is warranted. *Junction City Sch. Dist. v. Alphin,* 313 Ark. 456, 463, 855 S.W.2d 316, 320 (1993). Therefore, where we determine that the statute is plain and unambiguous, we will not interpret it to mean anything other than what it says. *Id.; see also Arkansas Dep't of Human Servs. v. Wilson,* 323 Ark. 151, 156, 913 S.W.2d 783, 785 (1996).

■ Because the issue in this case turns on the application of provisions of the Social Work Licensing Act, we must bear in mind our well-settled rules of statutory construction. Our first rule of statutory interpretation is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Board of Trustees v. Stodola*, 328 Ark. 194, 199, 942 S.W.2d 255, 257 (1997). Wherever possible, we read statutes relating to the same subject matter in harmony. *Id.*

We observe no ambiguity in the provisions of our Licensing Act that are before us. The legislature enacted the Licensing Act for the purpose of "protect[ing] the public by setting standards of qualification, training, and experience for those who seek to represent themselves to the public as social workers and by promoting high standards of professional performance for those engaged in the practice of social work." Ark. Code Ann. § 17-46-102 (Repl. 1995). In accordance with this stated purpose, the general assembly enacted a qualification statute that sets forth the following requirements to receive an Arkansas social-work license:

(a) The board shall issue a license as a licensed social worker to an applicant who qualifies as follows:

(1) Has a baccalaureate degree in *a social work program accredited* by the Council on Social Work Education or receives before June 17, 1986, a baccalaureate degree in *a social work program from an accredited social work institution*; and

(2) Has passed an examination approved by the board for this purpose and level of practice.

Ark. Code Ann. § 17-46-306(a) (emphasis added).

■ The legislature also enacted a provision allowing an applicant from another state to be licensed through reciprocity as long as the applicant "meet[s] all of the other requirements of this chapter and who, at the time of application, is licensed as a social worker by a similar board of another state, . . . whose standards, in the opinion of the board, are not lower than those required by this chapter." Ark. Code Ann. § 17-46-302. Under the reciprocity statute, the applicant must meet all of the requirements of the Licensing Act, which includes the requirement that the applicant have a degree either in an accredited social-work program or in a

social-work program at an accredited institution.  Ark. Code Ann. § 17-46-306(a)(1).

■  Mr. Moncebaiz admits that neither the institution from which he received his degree nor the program in which he received his degree were accredited at the time that he attended Concordia College.  Under the plain wording of our reciprocity statute, Mr. Moncebaiz must meet "all of the other requirements of this chapter."  Because he does not meet the requirement of having "a baccalaureate degree in a . . . program accredited by the Council on Social Work Education" as required under our qualification statute, he was not qualified to receive a social-work license in Arkansas and his application was properly denied.

Second, during the November 11 hearing, some Board members placed emphasis on the fact that Mr. Moncebaiz's Texas license was that of an "Associate Social Work License."  Mr. Moncebaiz explained to the Board that the "associate" designation is one that is "given for individuals whose degree is in a related field to social work but not in social work, but who have passed the national licensing test, nonetheless."  He further stated that his associate designation did not restrict his practice in the social-work field in Texas.

■  This "associate" designation is one that exists in Texas, but does not exist in Arkansas.  Our Licensing Act has no similar provision giving an individual with a degree in a field *related* to social work the right to even take the examination.  Our qualification statute requires that the applicant have a degree in a "social work program," and does not provide a designation for a degree in a related program.  Ark. Code Ann. § 17-46-306(a).  Our reciprocity statute requires that the applicant must be licensed as a social worker by a board of another state whose standards are "not lower than" the Arkansas Board's standards.  Ark. Code Ann. § 17-46-302.  Reading our reciprocity statute in harmony with our qualification statute, we conclude that a state that issues a license without requiring a degree in a social-work program has lower standards than those required under section 17-46-306(a) of the Arkansas Social Work Licensing Act.  Therefore, Mr. Moncebaiz's license was issued under a lower "associate" standard,

and he was not entitled to reciprocity under our Act. The Board did not err in denying Mr. Moncebaiz's license on this basis.

Because we determine that the Board's decision did not lack a rational basis or rely on a factual finding based on an erroneous view of the law, we conclude that it was not arbitrary and capricious or characterized by abuse of discretion. We reverse the circuit court's decision and remand for the purpose of reinstating the Board's decision denying Mr. Moncebaiz's license.