## ARKANSAS STATE BOARD of ARCHITECTS
### *v.* David HAWKINS

CA 98-1513                                                12 S.W.3d 253

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered March 8, 2000

*Mark Pryor*, Att'y Gen., by: *Warren T. Readnour*, Ass't Att'y Gen., for appellant.

*Dunn, Nutter, Morgan, & Shaw*, by: *R. David Freeze*, for appellee.

JOHN E. JENNINGS, Judge. The appellee, David Hawkins, is a civil engineer in Texarkana. In 1993, he became involved with a proposal to construct a new courthouse in Scott County. He was subsequently charged by the State Board of Architects, the appellant, with practicing architecture without a license. After a hearing held on October 25, 1994, the Board found that Hawkins had offered to provide "architectural/engineering design services" for the courthouse, that he had attended a quorum court meeting to make a presentation for architectural design work, and that he had prepared a color rendering of the proposed courthouse project. The Board fined Hawkins a total of $9,000.00.

On appeal to the Circuit Court of Miller County, the Board's action was found to be arbitrary, capricious, and characterized by an abuse of discretion, and the Board's order was reversed. On appeal to this court, the Board contends that the circuit court erred in so concluding. We agree and reverse the decision of the circuit court and reinstate the order of the Board.

At the hearing before the Board, Booster Hawkins, the county judge for Scott County, testified that he had had discussions with the appellee in 1992 about providing engineering and architectural services for a courthouse and jail, if a proposed sales tax passed. The sales tax did not pass, but in 1994 the voters did approve a sales tax for the purpose of constructing a courthouse. At a meeting of the Scott County quorum court on August 15, 1994, the county judge introduced the appellee as an architect. The appellee proposed to provide the county a set of plans to enable them to build the courthouse. The plans would provide construction details and all mechanical, electrical, and plumbing plans. He proposed to prepare the plans for a flat fee equivalent to about five percent of the estimated construction costs. In response to a question the appellee said that after drawing the plans he would have someone on the job to see it through.

Judge Hawkins testified that during the 1992 discussions, the appellee had brought with him an architect named John Emberton and that he had assumed that Mr. Emberton was a part of the appellee's firm. He testified that his mistake in introducing the

appellee as an architect to the quorum court was because he did not know the difference between an architect and an engineer. He also testified that he asked the appellee to provide a sketch of the proposed courthouse so they could "say we had something to vote on."

Glenn Davis, the business manager for BDA Design Group, a Texarkana architectural firm, testified that the appellee had contacted him in July 1994 about the Scott County courthouse project. The conversation was general in nature and no agreement was reached. Davis testified that he talked again with the appellee in September 1994. At that time the appellee told him that the county judge had referred to him as an architect and that he had not corrected it. The appellee also told him that a complaint had been filed against him with the State Board of Architects. Mr. Davis testified that the project was primarily an architectural project involving very little civil engineering. BDA Design Group declined to get involved.

John Emberton, an architect from Texarkana, Texas, testified that he discussed with the appellee a project regarding the Scott County courthouse in April 1993. When the appellee called him again, sometime in late August or early September 1994, Mr. Emberton told him he could not get involved in the project for reasons of his health. He testified that there was never a firm decision as to whether or not he would be the architect on the project and that it was critical that an architect be involved in a project of this type.

Mark Bailey, an architect with BDA Design Group, testified that the appellee had contacted him in July 1994 about the proposed courthouse project. He testified that a proposal was sent to the appellee which was not accepted. He testified that he assumed it was because of the fee arrangement.

David Hawkins, the appellee, testified that he and Mr. Emberton had met with the Scott County quorum court in May 1993. He said that he heard nothing more about the project until 1994 when the county judge called him. The judge showed him a hand-sketched drawing of a floor plan for a 20,000 square-foot building, evidently based on a Waldron bank building. The appellee told him he could get one of his technicians to draw it up for him and did so.

Judge Hawkins said the purpose of the drawing was to show people something so they would be able to vote on it. Appellee testified that when he was introduced as an architect during the quorum court meeting, he did not correct Judge Hawkins because he did not want to embarrass him. He testified that his engineering firm had had an architect on staff at various times in the past. He conceded that he had received a letter in 1993 from Billy Kline, the executive director of the State Board of Engineers, directing him to remove the word "architect" from his promotional materials. He also testified that the tape recording of the August 15, 1994, quorum court meeting was incomplete.

Also introduced into evidence was a letter dated July 25, 1994, from the appellee to the Scott County Judge. In that letter the appellee quoted a lump sum fee for design service of approximately five percent. In a letter dated August 16, 1994, to the county judge, appellee proposed providing "architectural/engineering services" for the courthouse on an hourly basis with a "not to exceed" fee of $10,000.00. The letter stated that the services provided would include a space planning survey and the preparation of an approved floor plan.

The applicable statute is Ark. Code Ann. § 17-15-301 (Repl. 1995):

> In order to safeguard life, health, and property, no person shall practice architecture in this state, or engage in preparing plans, specifications, or preliminary data for the erection or alteration of any building located within the boundaries of this state or use the title "architect," or display or use any title, sign, card, advertisement, or other device to indicate that the person practices or offers to practice architecture, or is an architect, unless the person shall have secured from the examining body a certificate of registration and license in the manner hereinafter provided and shall thereafter comply with the provisions of this chapter governing the registration and licensing of architects.

Under Ark. Code Ann. § 17-15-302(a)(1) (Repl. 1995) an exception is made for professional engineers for architectural work incidental to engineering practice, provided the engineer does not use the designation "architect" or "any term derived therefrom."

█ Under the Administrative Procedure Act the review by the circuit court of an administrative agency decision is limited in

scope. *See generally* Ark. Code Ann. § 25-15-212 (Supp. 1999). Here, the circuit court found that the agency's decision was not supported by substantial evidence, and was arbitrary, capricious, and characterized by an abuse of discretion. On appeal to this court, our review is directed toward the decision of the administrative agency, rather than the decision of the circuit court. *Social Work Licensing Board v. Moncebaiz*, 332 Ark. 67, 962 S.W.2d 797 (1998). Considerable deference is accorded the decision of the board, in part because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *See McQuay v. Arkansas St. Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999). The test for substantial evidence is whether the proof before the agency was so nearly undisputed that fair-minded persons could not reach the same conclusion. *Arkansas St. Hwy. & Transp. Dep't v. Kidder*, 326 Ark. 595, 933 S.W.2d 794 (1996). To reverse an agency's decision because it is arbitrary and capricious, it must lack a rational basis or rely on the finding of fact based on an erroneous view of the law. *Arkansas Dep't of Human Servs. v. Kistler*, 320 Ark. 501, 898 S.W.2d 32 (1995). Under this standard of review, we conclude that the decision of the Board was supported by substantial evidence and was not arbitrary and capricious.

■ The appellee's primary argument throughout has been that he never intended to do the architectural work himself, but rather intended that it be done by a licensed architect. It was undisputed, however, that at the time he offered to provide architectural design services to Scott County, he had no firm agreement to associate a licensed architect. Nor can we say as a matter of law that the services offered by the appellee qualified as an exception under Ark. Code Ann. § 17-15-302(a)(1) as being merely incidental to the practice of engineering. First, there was evidence that the project was essentially an architectural one. Second, the Board could reasonably find that the appellee held himself out as an architect to the Scott County Quorum Court.

For the reasons stated the decision of the circuit court is reversed.

Reversed.

HART, BIRD, and CRABTREE, JJ., agree.

NEAL, J., concurs in part and dissents in part.

PITTMAN, J., dissents.

OLLY NEAL, Judge, concurring in part; dissenting in part. I concur with the majority's determination with respect to the Board's findings of fact that appellant is not a licensed architect, that he offered to provide architectural/engineering design services, and that he made a presentation to the Scott County Quorum Court for architectural design work. Moreover, I concur that these findings support a determination that appellant violated Arkansas Code Annotated Section 17-15-301 (1993).

However, I do not agree with the majority concerning the Board's finding that appellant prepared a color rendering of the proposed Scott County Courthouse project in violation of Arkansas Code Annotated Section 17-15-301. The record does not support a finding that the preparation of a colored rendering is the practice of architecture; nor does the evidence support the Board's findings that appellant's actions were tantamount to engaging in preparing plans, specifications, or preliminary data for the erection or alteration of any building. The record also does not support the Board's findings that appellant used the title of architect or made an offer to practice architecture.

Arkansas Code Annotated Section 17-15-302(a)(1) provides that the following shall be exempt from the chapter's provisions:

> Professional engineers duly licensed or registered, but only insofar as concerns work incidental to engineering practice, provided such persons do not use the designation "architect" or any term derived therefrom.

Arkansas Code Annotated Section 17-30-101(3)(A), which defines the practice of engineering, allows for the inclusion of such architectural work as is incidental to the practice of engineering.

It is my belief that appellant's conduct was clearly within the scope of the provisions of Arkansas Code Annotated Sections 17-15-302(a)(1) and 17-30-101(3)(A).

JOHN MAUZY PITTMAN, Judge, dissenting. I disagree with the result reached by the majority in this case. I believe that the

circuit court correctly found that the Board's action was erroneous because the Board's opinion is fatally defective.

Arkansas Code Annotated § 17-15-302(a)(1) (Repl. 1995) exempts from the architect licensing requirements "[p]rofessional engineers duly licensed or registered, but only insofar as concerns work incidental to engineering practice, provided such persons do not use the designation "architect"or any term derived therefrom." There is no indication that appellee designated himself as an architect, and the Board expressly found that appellee was a registered engineer. However, the Board did *not* make any finding on the issue of whether the services appellee offered to provide to Scott County constituted "work incidental to engineering practice."

Apparently, the majority believes that such a finding is implicit in the Board's decision. However, it is well settled that appellate review of administrative agency decisions is meaningless unless the reviewing court is able, from the Board's decision, to determine the Board's view of the facts and the theory of law on which the denial of the permit was based. *Green House, Inc. v. Arkansas Alcoholic Beverage Control Division*, 29 Ark. App. 229, 780 S.W.2d 347 (1989). In the present case, the reason for the Board's action is not clear. Perhaps, as the majority assumes, the Board believed that the services offered by appellee were more than mere "work incidental to engineering practice." Perhaps the Board simply overlooked or ignored the statutory exemption for "work incidental to engineering practice." The only certainty is that the Board's opinion contains no findings regarding this issue and makes no mention of Ark. Code Ann. § 17-15-302(a)(1).

Reviewing courts may not supply findings by weighing the evidence themselves, because that function is the responsibility of the administrative agency. *Green House, Inc. v. Arkansas Alcoholic Beverage Control Division, supra.* Because the majority does so in the case at bar, I respectfully dissent.