Gladys F. HAYES *v.* WAL-MART STORES

CA 00–216                                            29 S.W.3d 751

Court of Appeals of Arkansas
Division III
Opinion delivered October 25, 2000
[Petition for rehearing denied February 14, 2001.]

*Hale, Fogleman & Rogers*, by: *Joe M. Rogers*, for appellant.

*Roberts Law Firm, P.A.*, by: *Mike Roberts*, for appellee.

JOHN MAUZY PITTMAN, Judge.   The appellant in this workers' compensation case injured her left shoulder at work in the Wal-Mart floral department.   After treatment, she could no longer move her arm sufficiently to carry out her duties in the floral department and was demoted to greeter.   She filed a claim for permanent partial disability benefits.   The Commission denied the claim, finding that the range-of-motion studies conducted by her physician did not satisfy the statutory requirement that a finding of impairment must be supported by objective physical findings.   This appeal followed.

For reversal, appellant contends that the Commission erred in finding that the range-of-motion test did not constitute an objective physical finding.   We agree, and we reverse.

In reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Geo Specialty Chemical v. Clingan*, 69 Ark. App. 369, 13 S.W.3d 218 (2000).   The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm the Commission's decision.   *Continental Express, Inc. v. Freeman*, 66 Ark. App. 102, 989 S.W.2d 538 (1999).   Where, as here, the Commission denies a claim because the claimant has failed to show entitlement by a preponderance of the evidence, the substantial-evidence standard of review requires that we affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Flowers v. Arkansas Highway & Transportation Dep't*, 62 Ark. App. 108, 968 S.W.2d 660 (1998).

The Commission's denial of benefits was based upon *Department of Parks & Tourism v. Helms*, 60 Ark. App. 110, 959 S.W.2d 749 (1998), where we wrote that:

> [A]ppellant argues that the four-percent impairment rating assessed by Dr. McLeod on March 8, 1996, is invalid because Dr. McLeod used *active* range-of-motion tests that do not qualify as "objective and measurable" under the Workers' Compensation Act. Appellant

asserts that any impairment rating attributable to appellee's right shoulder injury cannot be predicated on *active* range-of-motion tests. Dr. McLeod gave appellee a seven-percent shoulder impairment pursuant to the American Medical Association Guidelines, which correlates to a four-percent impairment to the body as a whole. Arkansas Code Annotated § 11-9-102(16)(A)(ii) (Repl. 1996) states:

> When determining physical or anatomical impairment, neither a physician, any other medical provider, an administrative law judge, the Workers' Compensation Commission, nor the courts may consider complaints of pain; for the purpose of making physical or anatomical impairment ratings to the spine, straight-leg-raising tests or range-of-motion tests shall not be considered objective findings.

This was not an evaluation of spine impairment. However, appellee did bear the burden to prove *physical or anatomical impairment* by objective and measurable physical findings. Ark. Code Ann. § 11-9-704(C)(1)(B) (Repl. 1996). "Objective findings" are those findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i) (Repl. 1996). Dr. McLeod stated that he based the impairment rating on *active* range-of-motion tests. The legislature has eliminated range-of-motion tests as a basis for physical or anatomical impairment ratings to the spine by definition. It was incumbent upon appellee to present evidence that *active* range-of-motion tests are objective tests. In other words, it was incumbent upon her to present proof that those tests do not come under the voluntary control of the patient. She did not do so. In fact, there is authority to suggest that *active* range-of-motion tests are based almost entirely on the patient's cooperation and effort. See American Medical Association, Guidelines to the Evaluation of Permanent Impairment, (3d ed. 1988). "The full range possible of *active* motion should be carried out *by the subject* and measured by the examiner. If a joint cannot be moved *actively by the subject or passively by the examiner*, the position of ankylosis should be recorded." *Id*. at 14.

*Helms,* 60 Ark. App. at 114-15 (emphasis supplied).

As can be seen, *Helms* contains dicta to the effect that *active* range-of-motion tests come under the voluntary control of the patient, and therefore do not constitute objective findings under Ark. Code Ann. § 11-9-102(16)(A)(i). However, the testimony in the case at bar (which the Commission expressly found to be

credible) shows that the test performed in the present case was not one in which the limb was *actively* moved by the *subject,* but instead was a test in which the limb was moved *passively* by the *examiner.* Appellant testified, for example, that:

> At the time of the May 18, 1998, check-up Dr. Meredith performed some tests to determine range of motion to my left shoulder. These tests did not have anything to do with my spine. Dr. Meredith did not instruct me to move my arm. ...What the doctor did with the nurse present is he put his hand under my elbow towards the forearm and guided my hand upward with my arm extended and lifted it with my elbow up and then put it back down and he raised it to the level that he had it raised and went forward and he kept going forward until he stopped and then he did the same thing going to the back. ...I did not control my arm when he was doing the test. He had my arm in his hand. At all times during the test Dr. Meredith was manipulating my arm and shoulder and I was not in control of it. ...When the doctor was performing the test I did not have voluntary control of my arm. The doctor did not ask me to move my arm during the test and I could not have moved it forward to the extent that he moved it.

Doctor Meredith stated in a letter that range-of-motion studies of the type he performed can be "objectively and consistently measured by qualified physicians with reasonable accuracy and reproducibility."

The Commission was not required to accept this testimony as credible. However, given that the Commission did expressly find the testimony of appellant and Dr. Meredith to be credible, the conclusion is inescapable that the tests performed on appellant were passive range-of-motion evaluations performed by the examiner and not under the voluntary control of appellant. Under these circumstances, we hold that the Commission's opinion displays no rational basis for its finding that the range-of-motion tests performed on appellant did not constitute objective findings under Ark. Code Ann. § 11-9-102(16)(A)(i).

Reversed and remanded.

STROUD and NEAL, JJ., agree.