WAL-MART STORES, INC., Employer and
Claims Management, Inc. *v.* Kemberly M. BROWN, Employee

CA 03-81                                          120 S.W.3d 153

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 25, 2003

[Petition for rehearing denied July 30, 2003.]

*Roberts Law Firm, P.A.*, by: *Michael Lee Roberts* and *Patrick L. Spivey*, for appellants.

*Philip M. Wilson, P.A.*, for appellee.

L ARRY D. VAUGHT, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission finding that appellee was entitled to a one-time change of physician and at least a one-time visit to that physician at appellants' expense. Appellants raise two points on appeal: (1) the Commission committed legal error by holding that it is without

authority to find that the appellants had fulfilled their obligation of providing adequate medical treatment; (2) there is no substantial evidence to support that appellee's treatment with the new physician was reasonably necessary and related to her compensable injury. We affirm.

Appellee Kemberly Brown sustained an admittedly compensable right-hand injury on December 3, 1997, while lifting boxes at work. Appellee was initially treated by Dr. Charles Cardona, who referred her to an orthopaedic specialist, Dr. Gordon Newbern. In February 1998, Dr. Newbern referred appellee to his partner, Dr. Earl Peeples. Dr. Peeples ordered an MRI, which did not show any abnormality related to appellee's hand.

On October 13, 1999, a hearing was held on the issue of additional medical treatment. The administrative law judge (ALJ) found in his November 22, 1999 opinion that appellee was entitled to additional medical treatment with her authorized treating physician, Dr. Peeples. After being awarded additional medical treatment, appellee went to see Dr. Peeples only one additional time. Appellee did not seek further medical treatment for her injury for almost two years after her last visit with Dr. Peeples.

Pursuant to a hearing conducted on January 23, 2002, the ALJ filed an opinion on March 18, 2002, finding that appellee was entitled to a one-time change of physician from Dr. Peeples to her family doctor, Dr. Jim Citty, pursuant to Ark. Code Ann. § 11-9-514(a)(3)(A)(ii) (Repl. 2002). However, the ALJ also determined that appellee was not entitled to additional treatment from Dr. Citty at appellants' expense because the proposed visit was not reasonably necessary for the treatment of her compensable injury. Appellee appealed to the full Commission, which modified the ALJ's decision in its October 18, 2002 opinion and found that not only was appellee entitled to a one-time change of physician, but also that at least the initial visit with the new physician would be at appellants' expense. From that decision comes this appeal.

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported

by substantial evidence. *Daniels v. Arkansas Dep't of Human Servs.*, 77 Ark. App. 99, 72 S.W.3d 128 (2002). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm the Commission's decision. *Hayes v. Wal-Mart Stores*, 71 Ark. App. 207, 29 S.W.3d 751 (2000). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999).

At the January 23, 2002 hearing before the ALJ, appellee requested to be seen by the doctor of her choice, her family physician, Dr. Citty, or in the alternative, an independent medical evaluation by the Commission's choice of doctor. Appellee had not seen a doctor of her choice regarding the compensable injury and was continuing to have problems with her hand subsequent to her treatment with Dr. Peeples. Appellee testified that ever since the accident, she has had symptoms of pain, burning, and numbness. She subsequently sought an examination from Dr. Citty on her own, and he suggested additional testing or treatment for pain. She further testified that she needed to see her family doctor because he was also treating her for hypoglycemia, and she wanted someone who would consider her whole range of health issues in determining treatment. This was a concern because Dr. Peeples initially prescribed medications that would alter or adversely affect the condition.

On appeal, the Commission found that based upon the evidence, appellee was entitled to a one-time change of physician and held that appellants were also responsible for the payment of the initial visit to Dr. Citty. Although the Commission did not make specific findings of fact on whether any treatment proposed by Dr. Citty was reasonably necessary to appellee's compensable injury, it determined that requiring appellants to pay for the initial visit was the only logical way to allow appellee her one-time change of physician and to determine whether or not that physician's rec-

ommendations with respect to treatment, if any, could be considered reasonable or necessary.

The Commission's decision was based on our holding in *Collins v. Lennox Ind., Inc.*, 77 Ark. App. 303, 75 S.W.3d 204 (2002), where we reversed the Commission, which had found that an injured worker failed to establish that he was entitled to any additional medical treatment, and on that basis denied his request for a one-time change of physician. We discussed Ark. Code Ann. § 11-9-514(a)(3)(A)(ii), which no longer vests discretion in the Commission to grant or deny a change of physician. The statute now provides that if the employer has contracted with managed care, the claimant has an absolute right to a change of physician. We held in *Collins* that the Commission's finding that the employer had fulfilled the obligation of providing adequate medical treatment without allowing the mandatory change of physician was not supported by substantial evidence.

In the instant case, appellants claim that *Collins* is limited to that particular change-of-physician issue, and that it did not specifically address the issue of an employer's financial responsibility for treatment with the physician to whom the individual changes. Appellants maintain that the applicable statute, Ark. Code Ann. § 11-9-514(a)(3)(A)(ii), addresses only whether the new physician will be an "authorized" treating physician, and not whether the employer must pay for treatment provided by the new doctor. They contend that while the Commission has no discretion in granting a change-of-physician request, nothing in the statute takes away the Commission's power to determine the question of fact of whether the additional treatment is reasonably necessary.

Appellants also argue that it is not the change-of-physician statute that addresses employer liability for treatment with a new authorized physician, but rather Ark. Code Ann. § 11-9-508(a) (Repl. 2002), which expressly states that employers are only liable for treatment that is reasonably necessary in connection with the injury received by the employee. Appellants assert that even though appellee may be entitled to a one-time change of physician, she must still pass the threshold issue of proving that the

treatment provided by the new physician is reasonably necessary in order to establish their liability for the treatment.

■ The holding in *Collins* allows both statutory provisions to be read in harmony. Without an initial visit and report from appellee's one-time-change-of-physician doctor, there is simply no way to determine whether any additional treatment proposed by that physician would be reasonably necessary. It would be inconsistent for the legislature to make a one-time change of physician mandatory without allowing an individual to see that doctor, at least for the initial visit, at the employer's expense.

■ We hold that in this situation, where appellee has exercised her absolute, statutory right to a one-time change of physician pursuant to Ark. Code Ann. § 11-9-514(a)(3)(A)(ii), appellants must pay for the initial visit to the new physician in order to fulfill their obligation to provide adequate medical services under the provisions of Ark. Code Ann. § 11-9-508.

Appellants' arguments regarding subsequent treatment by Dr. Citty were not addressed by the Commission, and are therefore not before us now.

Affirmed.

HART, BIRD, GRIFFEN, and ROAF, JJ., agree.

CRABTREE, J., dissents.

TERRY CRABTREE, Judge, dissenting. I dissent as I believe that we should reverse and remand this case to the Commission for additional findings of fact.

We are to construe the workers' compensation statutes strictly. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996). Strict construction requires that nothing be taken as intended that is not clearly expressed. *Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001). The doctrine of strict construction is to use the plain meaning of the language employed. *American Standard Travelers Indem. Co. v. Post*, 78 Ark. App. 79, 77 S.W.3d 554 (2002). In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Leathers v. Cotton*, 332

Ark. 49, 961 S.W.2d 32 (1998). The statute should be construed so that no word is left void, superfluous, or insignificant, and meaning and effect must be given to every word in the statute if possible. *Locke v. Cook*, 245 Ark. 787, 434 S.W.2d 598 (1968).

To reverse an agency's decision because it is arbitrary and capricious, it must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 962 S.W.2d 797 (1998). Although an agency's interpretation is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Id.*

The Commission erred as a matter of law when it concluded that it was without authority to find that appellant had fulfilled its obligation to provide medical treatment to appellee. The Commission is not only authorized, but also required to make findings of fact, unless after a *de novo* review, it expressly adopts the findings of the administrative law judge. *See Jones v. Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988). In this instance, the Commission arbitrarily chose not to make specific findings as to whether Dr. Citty's treatment of appellee was reasonably necessary. The Commission should have reviewed appellee's medical history, including her failure to seek any treatment for almost two years, to determine whether further treatment was reasonably necessary.

Arkansas Code Annotated § 11-9-514(3)(A)(ii) plainly states that a claimant has an absolute right to a one-time change of physician. Arkansas Code Annotated § 11-9-508(a) provides that employers are only liable for medical treatment and services that are deemed reasonably necessary for the treatment of employees' injuries. I suggest that when we read these statutes together, construing them strictly, we should conclude that an employer is only liable for medical treatment rendered pursuant to a claimant's one-time change of physician if that treatment is deemed reasonably necessary. Because the Commission did not make a finding regarding whether the treatment rendered from Dr. Citty was reasonably necessary, we cannot say whether appellant is liable for that treatment.

The majority contends that *Collins v. Lennox Industries, Inc.*, 77 Ark. App. 303, 75 S.W.3d 204 (2002), requires us to affirm. However, I do not believe that *Collins* holds that employers are required to *pay* for treatment rendered pursuant to a one-time change of physician. I read *Collins* in a more limited fashion to hold that the provisions in Ark. Code Ann. § 11-9-514(3)(A)(ii) are mandatory, which allow a claimant an absolute right to a one-time change of physician. If *Collins* stands for a broader holding, then it should be overturned.