

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-322

| | |
|---|---|
| FLORENCE LAWRENCE<br>APPELLANT | **Opinion Delivered** October 2, 2013 |
| V. | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. F302103] |
| ST. EDWARD MERCY MEDICAL<br>CENTER and SISTERS OF MERCY<br>HEALTH SYSTEM<br>APPELLEES | AFFIRMED |

## ROBIN F. WYNNE, Judge

Florence Lawrence appeals from a decision of the Arkansas Workers' Compensation Commission denying her claim for additional medical and temporary total-disability (TTD) benefits. We affirm.

Appellant, who was employed as a nurse for appellees, sustained a compensable injury to her low back on September 13, 2002, while moving a patient. She complained of pain radiating into both legs and was initially diagnosed with lumbosacral strain. An MRI performed on September 26, 2002, revealed a moderate-sized central/left paracentral disc protrusion at L5-S1, as well as "mild diffuse disc bulging at L4-5 and probable tiny central disc protrusion at L4-5." On September 27, 2002, Dr. Terry Clark reported that appellant was complaining of radiculopathy in the right leg. Appellant was seen by Dr. Joseph Queeney on October 10, 2002. At that time, appellant was complaining of back pain and pain in both lower extremities. Dr. Queeney stated in his report of the examination that he did not

believe that appellant would benefit from a microdiskectomy on the right side. On October 25, 2002, Dr. Queeney reported that appellant was complaining of right lower extremity pain and that he would not recommend left-sided surgery for right-sided leg pain. Dr. Clark reported on February 17, 2003, that appellant denied any radicular symptoms. Appellant received non-surgical treatment, including an epidural steroid injection that resulted in an infection.

On August 11, 2003, appellant was seen by Dr. Tad Pruitt for an independent medical evaluation. Dr. Pruitt's examination revealed signs of nerve root irritation that he stated would not be helped by surgery. Dr. Pruitt stated in his report following the examination that appellant was at maximum medical improvement. He recommended continued non-surgical treatment. He also imposed permanent work restrictions.

In July 2010, appellant was seen by Dr. Brad Thomas. Appellant reported to Dr. Thomas that she was experiencing pain in her back and left leg. Dr. Thomas reviewed a July 21, 2010 MRI that he interpreted as showing a left-sided disc bulge that compressed the S1 nerve root at L5-S1. As a result of his findings, Dr. Thomas recommended that appellant undergo a left-sided, L5-S1 diskectomy.

At appellees' request, appellant's medical records were reviewed by Dr. Earl Peeples. In his January 5, 2012 report, Dr. Peeples challenges Dr. Thomas's recommendation for surgery at length. He states that surgery is not indicated for appellant as well as his opinion that surgery would not produce clinical improvement.

After appellees denied the surgical treatment recommended by Dr. Thomas, appellant

filed a claim with the Commission seeking additional medical and TTD benefits. At a hearing before an administrative law judge (ALJ), appellant testified that she had not worked in some time and that she was still having back pain and pain down her legs due to her 2002 injury. She stated that when she saw Dr. Thomas, her symptoms were the same as they had been following the 2002 accident. Appellant also stated that, at the time of the hearing, her pain was mainly in her left leg and that her complaints of pain had changed from her right leg to her left leg over the course of her treatment.

On May 21, 2012, the ALJ filed an opinion in which she found that appellant was entitled to the medical and TTD benefits sought. Appellees appealed to the Commission, which reversed the opinion of the ALJ. This appeal followed.

In reviewing a decision of the Arkansas Workers' Compensation Commission, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirms those findings if they are supported by substantial evidence, which is evidence a reasonable person might accept as adequate to support a conclusion. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 269 S.W.3d 391 (2007). This court will not reverse the Commission's decision unless it is convinced that fair-minded people with the same facts before them could not have reached the same conclusions reached by the Commission. *Smith v. Cnty. Mkt./Se. Foods*, 73 Ark. App. 333, 44 S.W.3d 737 (2001). In a case such as this one, where the Commission denies benefits because a claimant failed to meet his or her burden of proof, we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Crudup v. Regal Ware, Inc.*, 341 Ark. 804,

SLIP OPINION

20 S.W.3d 900 (2000).

Appellant argues that the Commission's decision to deny her claim for additional medical treatment is not supported by substantial evidence. "An employer shall promptly provide for an injured employee such medical . . . services . . . as may be reasonably necessary in connection with the injury received by the employee." Ark. Code Ann. § 11-9-508(a) (Repl. 2012). The employee has the burden of proving by a preponderance of the evidence that medical treatment is reasonable and necessary. *Wal-Mart Stores, Inc. v. Brown*, 82 Ark. App. 600, 120 S.W.3d 153 (2003). What constitutes reasonably necessary treatment is a question of fact for the Commission, which has the duty to use its expertise to determine the soundness of medical evidence and to translate it into findings of fact. *Hamilton v. Gregory Trucking*, 90 Ark. App. 248, 205 S.W.3d 181 (2005).

In her argument, appellant focuses mainly on her contention that the Commission based its decision on the erroneous conclusion that her symptoms were all right-sided when, in fact, they were bilateral. The medical evidence before the Commission shows that appellant initially complained of bilateral pain in her lower extremities and that, over time, she would complain of bilateral symptoms, right-sided symptoms, and left-sided symptoms. It is true that Dr. Queeney stated in 2002 that left-side surgery would not be recommended for a patient who was symptomatic on her right side, as appellant was at that time. This, however, did not form the entire basis for the Commission's decision. While Dr. Thomas recommended a diskectomy, Dr. Peeples, after reviewing the same medical records and test results available to Dr. Thomas, did not agree that surgery was necessary. Dr. Peeples's

opinion does not appear to be based on the assumption that appellant was only symptomatic on the right side. The Commission decided, as is its province, to credit the opinion of Dr. Peeples over the opinion of Dr. Thomas. Under this court's standard of review, the Commission's decision to deny the claim for additional medical benefits is affirmed.

In its opinion, the Commission also reversed the ALJ's decision to award appellant TTD benefits. In order to receive temporary total-disability benefits, a claimant must prove that she was within her healing period and that she was totally incapacitated from earning wages. *Stallworth v. Hayes Mech., Inc.*, 2013 Ark. App. 188. The Commission found that appellant failed to prove entitlement to TTD benefits, citing, among other things, her release to return to work, a functional capacity evaluation showing that she could perform medium-duty work, and what it termed a lack of objective medical findings to support her contention that she is unable to work. In her argument, appellant makes a brief reference to remaining in her healing period. However, she does not challenge the Commission's determination that she failed to prove that she was completely incapacitated from earning wages. The Commission's denial of appellant's claim for TTD benefits is affirmed.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Walker, Shock & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Kyle E. Barton*, for appellees.