SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-898

| | |
|---|---|
| | **Opinion Delivered** April 9, 2014 |
| NAPOLEON TIMOTHY SANDEFORD | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| APPELLANT | [NO. G105534] |
| V. | |
| UNITED PARCEL SERVICE, INC., and LIBERTY MUTUAL GROUP, CARRIER/TPA | |
| APPELLEES | AFFIRMED |

## RHONDA K. WOOD, Judge

The Arkansas Workers' Compensation Commission ruled that Napoleon Sandeford did not suffer a compensable injury while working at UPS. Sandeford appeals and argues that substantial evidence does not support this decision. We disagree and affirm.

Sandeford worked at a UPS warehouse. One day in June 2011, he had to quit work fifteen minutes into his shift when he began suffering from severe muscle spasms in his lower back. Two co-workers testified that Sandeford told them that his injury was not work related. Sandeford himself signed a piece of paper that said the injury was not work related. Earlier that year, in January, Sandeford had presented to his family doctor with back pain. He told the doctor that the spasms happened when he had been jogging.



Based on the medical records and testimony, the Administrative Law Judge (ALJ) denied benefits. The ALJ ruled that Sandeford's injury was not work related and that he had failed to establish a compensable injury by objective medical findings. Finding that Sandeford did not suffer a back strain in the course of employment, the ALJ stated the following:

> All of the witnesses testified that the claimant was not coerced into signing the statement and that it was the claimant that was insistent and adamant that he wanted to leave and that his back pain and muscle spasms were not work-related. In addition, the claimant testified that he could not recall a specific incident or work activity which caused his muscle spasms in his back. Moreover, the medical evidence reveals that the claimant had been under the treatment of doctors and chiropractors for low back pain both in California and in Arkansas for several years prior to his employment with UPS.

The Commission adopted these findings. When the Commission affirms and adopts the ALJ's findings, we consider the ALJ's decision and the Commission's opinion together. *Hawley v. First Sec. Bancorp*, 2011 Ark. App. 538, 385 S.W.3d 388.

On appeal, we review the evidence in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Wal-Mart Stores, Inc. v. Brown*, 82 Ark. App. 600, 120 S.W.3d 153 (2003). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. The issue is not whether we might have reached a different result than the Commission, but whether reasonable minds could reach the Commission's decision. *Pulaski Cnty. Special Sch. Dist. v. Tenner*, 2013 Ark. App. 569.

The threshold and dispositive issue in this case is whether Sandeford suffered a compensable injury in the course of his employment. Arkansas Code Annotated section 11-9-102(4)(A)(i) (Repl. 2012) provides as follows:



> (A) "Compensable injury" means:
>
> (i) An accidental injury causing internal or external physical harm to the body. . . arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]

The claimant has the burden of proving by a preponderance of the evidence that he sustained a compensable injury. Ark. Code Ann. § 11-9-102(4)(E)(i). Furthermore, "[a] compensable injury must be established by medical evidence supported by objective findings." Ark. Code Ann. § 11-9-102(4)(D). The Commission is not required to believe the testimony of any witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Kelley v. Courtyard Marriott*, 2011 Ark. App. 715, 386 S.W.3d 677. It is not the role of the appellate court to weigh the evidence and judge the credibility of the witnesses. *Ray Baxter, P.A. v. Baxter*, 2012 Ark. App. 251, 413 S.W.3d 561.

We hold that substantial evidence supports the Commission's opinion that Sandeford did not suffer a compensable injury. On one hand, Sandeford's own signed statement and two of his co-workers' testimony indicate that Sandeford's injury was not work related. On the other hand, Sandeford testified at the hearing that he only signed the statement so he could leave to see a doctor. The ALJ did not find Sandeford credible, and we defer to the ALJ on this point. Further, the ALJ noted that Sandeford's spasms started at the very beginning of his shift, he had a history of back problems, and he could not point to a specific incident at work that prompted his injury. Based on these findings, and viewing the evidence in the light most favorable to the Commission, we hold that there

SLIP OPINION

was substantial evidence to support the Commission's determination that Sandeford failed to establish that he suffered a compensable back injury in June 2011.

Sandeford also asserts that the Commission erred in finding that he failed to establish an injury by objective medical evidence and in finding no causation. Because we have resolved the threshold issue against Sandeford, there is no need to address these additional points.

Affirmed.

WYNNE and GRUBER, JJ., agree.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellant.

*Mayton, Newkirk & Jones*, by: *David C. Jones*, for appellees.