

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-373

| | |
|---|---|
| ARKANSAS STATE UNIVERSITY AND ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLANTS<br><br>V.<br><br><br>JEANETTE GATLIN-TENNANT<br>APPELLEE | **Opinion Delivered:** November 29, 2017<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G409859]<br><br><br><br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellants, Arkansas State University (ASU) and Arkansas Insurance Department, Public Employee Claims Division (PECD), appeal from a January 30, 2017 opinion by the Arkansas Workers' Compensation Commission (Commission) affirming and adopting the findings of fact and conclusions of law made by the administrative law judge (ALJ) in favor of appellee Jeanette Gatlin-Tennant. On appeal, appellants contend that substantial evidence does not support the Commission's decision that appellee was entitled to be reimbursed for the installation of a walk-in shower in her bathroom. We affirm.

Appellee worked for ASU as an administrative assistant before to her injury. Appellee sustained a compensable injury to her left knee on December 10, 2014, when she fell at work while walking to the post office. Appellee immediately reported the incident and received medical treatment at the emergency room of St. Bernard's Medical Center.

SLIP OPINION

Appellee further underwent surgery on her left knee, in which hardware was installed, and she received continued care under Dr. Brandon M. Byrd, a Jonesboro orthopedic surgeon.

PECD initially denied her claim for workers' compensation benefits in a letter dated December 16, 2014. Appellee completed a Form AR–N at PECD's request, and PECD subsequently accepted appellee's injury as being compensable in a letter dated December 22, 2014. In that letter, PECD advised appellee that it would be responsible for the necessary and reasonable medical treatment associated with the accident; that appellee was to call or email Verlene Williams, the workers'-compensation claims specialist employed by PECD, after each doctor's visit; and that "[m]edical bills, including prescription drugs, as a result of your injury should be sent to PECD for review and consideration for payment." In a letter dated December 23, 2014, PECD advised appellee to provide her doctor with a copy of the letter for his records and reiterated that it would be responsible for the necessary and reasonable medical treatment associated with the accident.

As a result of the compensable accident, appellee could not bend her knee, and therefore could not bathe at her residence. Appellee's treating physician prescribed a walk-in shower as being reasonable and medically necessary. The instant proceedings involve appellee's request for reimbursement for the cost of a walk-in shower, which was installed in her residence. In a prehearing document filed by appellants, appellants contended that "the claimant is not entitled to be reimbursed by Respondents for a walk-in shower which she had installed in her house before she gave any notice to the Respondent about this shower."

At the hearing, appellee testified that appellants had paid for the surgery and treatment provided by Dr. Byrd. She testified that after the surgery, she was unable to bathe in the existing tub in her home because her knee would not bend. Appellee indicated that Dr. Byrd told her that she needed to have a "handicapped . . . medical shower." Therefore, she called Williams, her claims specialist, regarding her need for a walk-in shower. Appellee testified that she had contacted Williams both before and after the installation of the walk-in shower.

Appellee testified that after receiving several bids, she sent the cheapest bid for the installation of a walk-in shower with handrails to Williams by certified mail. Although appellee did not have the signed returned-receipt card with her the day of the hearing, she testified that it had been signed by a PECD employee on January 15, 2015. Appellee testified that she was required to pay the full balance before the contractors would complete the project. The record reflects that appellee paid half of the balance on January 9, 2015, and the remaining balance on January 16, 2015, for a total cost including taxes of $3,665.81. Appellee stated that she attempted to contact Williams after she had forwarded the estimate and before the installation; however, she stated that Williams would not return her calls.

Appellee testified that the installation must have occurred prior to January 26, 2015, because notes from appellee's office visit with Dr. Byrd on that date indicated the following:

> [Appellee] has had difficulty getting into her bathtub and has since put in a walk-in shower with handrails. I think that is medically necessary for her and even for the long term as well. We will give her a letter for that today. We will see her back in 2 to 3 weeks to see how she is progressing with her range of motion.

Included in our record is an undated note signed by Dr. Byrd that states, "[B]ased on your visit today, your provider recommended the following: that shower and handrails are

medically necessary for entering the bath safely." Appellee testified that at some point after the installation, Williams told her that she needed a prescription from the doctor. Two prescriptions signed by Dr. Byrd are contained in our record, a prescription for shower handrails dated April 23, 2015, and a prescription for a medical walk-in shower dated June 11, 2015.

Additionally, our record contains two letters from PECD that are worth noting. In a letter dated March 2, 2015, Williams stated the following:

> You have sent to me bills related to a renovation of the bathroom in your home and asked that we pay these for you. Please be advised that at this time we are seeking clarification and an opinion as to whether this renovation was medically necessary as a result of your on the job injury. Under Arkansas law, our office is responsible for paying medical and other expenses that are both medically necessary and reasonable in relation to an on the job injury. As you undertook this renovation without our approval and authorization, we are seeking a Peer Review opinion and then will decide whether or not to pay these expenses.

> For future reference, please be mindful that our office will only pay for expenses that are pre-authorized and approved in advance. Any expenses incurred that have not been pre-authorized and approved by PECD are subject to possible denial and non-payment. If you have any questions please feel free to contact me.

In another letter dated May 11, 2015, Williams stated the following:

> We also previously discussed the bathroom remodel that was done in February 2015 and that worker's comp could not reimburse you for a remodel.

> Thank you for the April 23, 2015 note from Dr. Byrd. I am happy to inform you that we will reimburse you for the shower handrails that were installed. The attachment you submitted show the hand bars to be $160.00.

> For reimbursements for prescriptions, please submit a copy of the paperwork from Soo's drug store which shows the date, name of prescription, and the prescribing doctor. You submitted for dates 2/20/15 and 4/23/15 so we are only able to reimburse you for those at this time. Once you submit the paperwork for the other charges we can process it.

> Enclosed are warrants for:


Mileage reimbursement $198.66
Prescription reimbursement $11.20
Hand bars $160.00

After the hearing, the ALJ filed its opinion on August 18, 2016, wherein it found that appellee sustained her burden of proof by a preponderance of the evidence that the placement of a walk-in shower in her residence constitutes reasonably necessary medical treatment in connection with the treatment of the December 10, 2014 compensable left–knee injury. Therefore, the ALJ ordered appellants to pay $3,665.81 to reimburse appellee for the installation of the walk-in shower. The ALJ specifically made the following findings:

> While the respondent initially controverted the compensability of the claimant's December 10, 2014, left knee injury, within a week of the denial the claim was reversed and accepted as compensable. The claimant maintains that a residual of the compensable left knee injury was the inability to bend her left knee such that she was unable to bathe. As a consequence of the afore she had a walk-in shower installed in her home. The claimant seeks reimbursement of the cost of the installation of the walk-in shower. Respondent contend that the claimant is not entitled to reimbursement for the walk-in shower which was installed before any notice was provided.

> The present claim is one governed by the provisions of Act 796 of 1993, in that the claimant seeks workers' compensation as a result of an injury that was sustained subsequent to the effective date of the afore provisions.

> *Reasonably Necessary Medical Benefits*

> Ark. Code Ann. § 11-9-508(a) (Repl. 2012), provides, in pertinent part:

>> The employer shall promptly provide for an injured employee such medical, surgical, hospital, . . . and other apparatus as may be reasonably necessary in connection with the injury received by the employee.

> In the instant claim, once respondent accepted compensability of the claimant's December 10, 2014, left knee injury in correspondence of December 22, 2014, the claimant was informed of the workers' compensation benefits that she was entitled and provided a contact number.

The evidence preponderates that the installation of the walk-in shower along with the handrails constituted reasonably necessary medical treatment. The medical report of the claimant's post surgery visit of December 23, 2014, recites finding that the claimant's left leg was straight. The credible evidence reflects that the claimant attempted to contact the claim manager/adjuster to discuss the need for a walk-in shower due to her inability to bend the left knee to enter her bathtub prior to the installation. The claimant's treating physician confirmed in his office records the medical necessity of the walk-in shower in connection with the claimant's injury. Pursuant to the directions of the claim manager/adjuster the medical provider authored prescriptions for both the walk-in shower and handrails.

The respondent was provided access to, if not the actual records, the claimant's medical records of the treatment received under the care and directions of Dr. Byrd. The records recite the medical necessity of the claimant's walk-in shower. While the adjuster asserted that a PEER review would be obtained regarding the walk-in shower, the record is devoid of any such report or review. The evidence clearly reflects that the claimant paid for the installation of the walk-in shower. The refusal of respondent to reimburse the claimant for the cost of the walk-in shower, given the overwhelming credible medical evidence of the reasonableness and necessity of the apparatus is patently unreasonable. Respondent has had more than adequate time and opportunity to investigate the placement of the walk-in shower, whether that entailed securing other bids or inquiring further of the claimant's medical providers.

The claimant has sustained her burden of proof by a preponderance of the evidence that the placement of a walk-in shower in her residence constitutes reasonably necessary medical treatment in connection in the treatment of the December 10, 2014, compensable left [knee] injury. Respondent has controverted the claimant's entitlement to reimbursement of the installation of the walk-in shower.

Appellants appealed the ALJ's decision, and on January 30, 2017, the Commission, in a 2−1 decision, affirmed and adopted the ALJ's opinion as its own. Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*, 2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id*. Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id*.

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission. *Id*. Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id*. Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *Wilson v. Smurfit Stone Container*, 2009 Ark. App. 800, 373 S.W.3d 347. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id*. Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Prock, supra*.

The Commission found that appellee was entitled to reimbursement for the walk-in shower pursuant to Arkansas Code Annotated section 11–9–508(a)(1) (Repl. 2012). Section 11–9–508(a)(1) provides that "[t]he employer shall promptly provide for an injured employee such medical, surgical, hospital, chiropractic, optometric, podiatric, and nursing services and medicine, crutches, ambulatory devices, artificial limbs, eyeglasses, contact

lenses, hearing aids, and *other apparatus* as may be reasonably necessary in connection with the injury received by the employee." (Emphasis added.) The employee has the burden of proving by a preponderance of the evidence that medical treatment is reasonable and necessary. *Hamilton v. Gregory Trucking*, 90 Ark. App. 248, 205 S.W.3d 181 (2005). What constitutes reasonably necessary treatment under the statute is a question of fact for the Commission. *Id.*; *Dalton v. Allen Eng'g Co.*, 66 Ark. App. 201, 989 S.W.2d 543 (1999).

On appeal, appellants do not contest whether the walk–in shower was reasonably necessary in connection with the injury; nor do appellants contest the actual cost of the walk–in shower. Instead, appellants' sole contention is that appellee is not entitled to be reimbursed for the walk–in shower because she failed to provide them notice of her need before the installation of the walk–in shower. Therefore, appellants claim that they are not liable for the unauthorized medical expense pursuant to Arkansas Code Annotated section 11-9–514(c)(3). This statute is commonly referred to as the change–of–physician statute. Appellants' argument and reliance on section 11-9–514(c)(3), however, is misplaced. Section 11-9–514(c) provides that

> (1) After being notified of an injury, the employer or insurance carrier shall deliver to the employee, in person or by certified or registered mail, return receipt requested, a copy of a notice, approved or prescribed by the commission, which explains the employee's rights and responsibilities *concerning change of physician*.

> (2) If, after notice of injury, the employee is not furnished a copy of the notice, the change of physician rules do not apply.

> (3) Any unauthorized medical expense incurred after the employee has received a copy of the notice shall not be the responsibility of the employer.

(Emphasis added.)

Appellee's medical expense was not the result of an unauthorized change of physicians, and we can find no reason to contort the change-of-physician statute to support appellants' specious argument. Appellee was receiving treatment from appellants' accepted physician, Dr. Byrd, and appellee testified that Dr. Byrd told her that she needed a handicapped, medical shower. Additionally, Dr. Byrd documented appellee's need for a walk-in shower in his office notes, letters, and prescriptions.

Furthermore, despite appellants' contention that they did not receive notice before the installation, appellee specifically testified that she contacted Williams regarding her need for a walk-in shower before receiving estimates for the work. She subsequently sent the cheapest estimate to Williams before the installation, and only after Williams did not return her phone calls did appellee have the installation completed. The Commission found appellee's testimony that she attempted to contact Williams before the installation to be credible. Further, appellants did not present any witnesses at the hearing; therefore, appellee's testimony regarding the prior notification to appellants was left unrebutted. Thus, based on the record before us and the narrow issue presented to us on appeal, we hold that substantial evidence supports the Commission's decision and affirm.

Affirmed.

GLADWIN and GLOVER, JJ., agree.

*Charles H. McLemore Jr.*, for appellant Public Employee Claims Division.

*Jeanette Gatlin-Tennant*, pro se appellee.

9