
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–17–375

| | |
|---|---|
| ARKANSAS HIGHWAY & TRANSPORTATION DEPARTMENT; ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION; AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND<br><br>APPELLANTS<br><br>V.<br><br>ROBERT LYNN DUNLAP<br><br>APPELLEE | **Opinion Delivered:** November 29, 2017<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G207270]<br><br><br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Robert Dunlap, an employee of the Arkansas Highway & Transportation Department, sustained a compensable injury when he was struck by a vehicle while performing his job duties of filling potholes along an Arkansas highway near Lonoke on August 14, 2012. The Arkansas Highway & Transportation Department, Arkansas Insurance Department, Public Employee Claims Division, and Death & Permanent Total Disability Trust Fund (collectively "the Highway Department") appeal the Arkansas Workers' Compensation Commission's ("the Commission") opinion and order that affirmed and adopted the November 2, 2016 opinion of the administrative law judge ("ALJ"), which awarded benefits to Dunlap. On appeal, the Highway Department argues that the

Commission's findings are not supported by substantial evidence and should be reversed. We disagree and affirm.

At the September 13, 2016 hearing before the ALJ, Dunlap was 55 years old. He left school in the eighth grade and never obtained his GED. When Dunlap was evaluated in 2016, his reading, writing, and mathematics skills were determined to be at kindergarten or first-grade level. When he obtained a commercial driver's license in the 1970s, he was grandfathered in and never had to take a written test. He has worked in various truck-driving positions the majority of his adult life.

In 2010, Dunlap began driving for the Highway Department and shortly thereafter became a backhoe operator. He also performed other duties at the Highway Department, but he has not worked since he was struck by a passing vehicle in August 2012. Since Dunlap's compensable injury, he has undergone multiple orthopedic surgeries performed by different surgeons related to radius and ulna fractures and elbow abnormalities in his right elbow. He has also had post injury symptoms at times, diagnosed as anxiety, depression, and posttraumatic stress disorder (PTSD). Dunlap's orthopedic surgeons have included Dr. Reed Kilgore in 2012 and 2013, Dr. Michael Moore in 2013, 2014, and 2015, and Dr. Michael Hussey in 2015 and 2016. His family physician is Dr. Jeff Carfagno. Dunlap has been diagnosed for his mental-health issues by Dr. Erick Messias and staff at UAMS in 2013 and by Dr. Robert Doyle also in 2013.

At the hearing before the ALJ on September 13, 2016, the parties litigated the compensability of Dunlap's mental health as a result of the compensable physical injury and entitlement to mental-health treatment in the form of medication prescribed by Dr.

Carfagno, entitlement to an additional 19 percent rating to the right upper extremity for a total rating of 100 percent, or in the alternative, entitlement to permanent and total disability from the first maximum medical improvement date of January 21, 2013, and attorney's fees. Both Dunlap and his wife testified at the hearing. The record also includes extensive medical records and other documents, as well as surveillance reports and a video, and the transcript of the deposition of Heather Taylor, a vocational-rehabilitation counselor.

In a November 2, 2016 opinion, the ALJ found that Dunlap established by a preponderance of the evidence that (1) he had sustained compensable mental injuries including PTSD and depressive disorder; (2) Dr. Carfagno's medications for Dunlap's diagnosed mental injuries had at all times been, and currently remain, reasonably necessary medical treatment for his compensable mental injuries; and (3) Dunlap had established by a preponderance of the evidence that he is entitled to benefits for permanent total disability beginning January 21, 2013. On de novo review, the Commission, in a unanimous decision, affirmed and adopted the decision of the ALJ as its own.

The Highway Department asserts two points on appeal. First, it argues that the Commission's findings that Dunlap established compensable mental injuries and is entitled to medications prescribed by his family doctor as reasonably necessary medical treatment for his diagnosed compensable mental injuries are not supported by substantial evidence. The Highway Department also contends that the Commission's findings that Dunlap established that he is entitled to benefits for permanent total disability beginning January 21, 2013, is not supported by substantial evidence and, moreover, that the Commission has arbitrarily disregarded evidence and testimony in the record in making this finding.

SLIP OPINION

Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*, 2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id.* Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's opinion in tandem. *Hawley v. First Sec. Bancorp*, 2011 Ark. App. 538, 385 S.W.3d 388.

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Id.* Additionally, the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.* Thus, we are precluded from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *Wilson v. Smurfit Stone Container*, 2009 Ark. App. 800, 373 S.W.3d 347. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id.* Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Prock, supra.*

The Highway Department's first point on appeal is that substantial evidence does not support the Commission's findings that Dunlap established compensable mental injuries and that he is entitled to medications prescribed by his family doctor as reasonably necessary medical treatment for his diagnosed compensable mental injuries. In the November 2, 2016 opinion, the ALJ specifically found that

> Dunlap has established by a preponderance of the evidence that his mental injuries have been diagnosed by both a licensed psychiatrist and a licensed psychologist, that their diagnoses meet the required criteria of the fourth edition of the Diagnostic and Statistical Manual of Mental Disorders, and that Dunlap's mental injuries were caused by his physical injury to the right upper extremity.

The ALJ also found that the Highway Department remained liable for medications prescribed for PTSD, anxiety, depression, and related symptoms. The record in this case supports the Commission's decision. Multiple doctors agree with Dunlap's claims. Dr. Carfagno diagnosed Dunlap with "depressive disorder" on September 20, 2012, noting "he is emotionally labile and short-tempered and tearfull [*sic*]." Dr. Carfagno prescribed Dunlap medication for his depression and recommended he see a therapist. Dr. Kilgore, one of Dunlap's orthopedic surgeons, noted on October 15, 2012, that he was suffering from difficulty sleeping and was agitated. Dr. Kilgore prescribed Xanax for Dunlap.

Dunlap was seen at the UAMS Psychiatric Research Institute in January 2013 where he was diagnosed with depressive disorder. Dunlap was also seen by a licensed social worker who noted that he suffered from "anxiety, depression, explosive anger, fatigue/low energy, impaired concentration, inattention, irritability, memory, mood swings, self-esteem, sleep disturbance, stress and worry." The provider also noted no prior history of psychiatric illness.

SLIP OPINION

On January 25, 2013, Dunlap was diagnosed with PTSD by Dr. Dorothee S. Mecum, a resident physician who reported to Dr. Erick Messias. Dr. Mecum's report stated that the onset date was August 2012, when Dunlap "who was in relative good health, from both a psychiatric and medical perspective, until August 2012, when he was struck by a big rig and lost the use of his right arm . . . his current symptoms are consistent with post-traumatic stress disorder." Dunlap continued to be treated at the UAMS Walker Clinic through March 2013.

On April 3, 2013, Dunlap was seen by Dr. Robert Doyle, PhD, who diagnosed him with PTSD and mood disorders (depression and anxiety) and recommended that he "continue on the prescribed psychotropic medications by either Dr. Messias or his family doctor." Dunlap stopped seeing Dr. Doyle after the doctor advised him to park on the side of the interstate and get out of his vehicle in order to overcome his fears. Dunlap testified that he still has problems riding in a car on the interstate and continues to have a fear of getting hit.

Dunlap continued his treatment with Dr. Carfagno, who stated in a report on August 16, 2016, "[H]e has not been doing well with his stress disorder. He is having an especially hard time driving on busy roads. Currently all of his non bp [blood pressure] meds are related to effects of his workman's compensation related injury and disability. He had no type of mental or physical disability prior to his accident in 8/2012."

We hold that the Commission's opinion that Dunlap suffered compensable mental injuries and that the continued treatment of these injuries is reasonable and necessary is supported by substantial evidence. In the instant case, Dunlap's medical records note a

depressed mood immediately following his compensable injury on August 12, 2012. The Commission noted that Dunlap was treated and diagnosed by mental-health professionals from January through May of 2013, before the fifth edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) was published in June 2013. The fourth edition was the proper DSM to evaluate his claim under the worker'-compensation act, as it was current with the treatment, not current with the litigation. At the hearing, the Highway Department agreed with the Commission that the DSM-4 was the proper edition to use. On the record before us, there is substantial evidence to show that Dunlap suffered from a depressive disorder resulting from his injury. As noted above, a substantial basis exists if fair-minded persons could reach the same conclusion when considering the same facts. *Crudup v. Regal Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000). Here, fair-minded persons could most certainly reach the same conclusion as the Commission; therefore, we affirm.

The Highway Department's second argument on appeal is that the Commission's findings that Dunlap established that he is entitled to benefits for permanent total disability beginning January 21, 2013, are not supported by substantial evidence. Specifically, it argues that the Commission has arbitrarily disregarded evidence and testimony in the record in making this finding. We do not find this argument persuasive.

The Commission found that "the claimant has established by a preponderance of the evidence that he is entitled to benefits for permanent total disability beginning on January 21, 2013." We hold that this finding is supported by substantial evidence. Dunlap's entitlement to permanent total-disability benefits is controlled by Arkansas Code Annotated section 11-9-519(c) (Repl. 2012) which states, "[I]n all other cases, permanent total

disability shall be determined in accordance with the facts." Furthermore, "the burden of proof shall be on the employee to prove inability to earn any meaningful wage in the same or other employment." Ark. Code Ann. § 11-9-519(e)(2).

In this case, the medical opinions show that Dunlap is either completely disabled or, at the very least, has no use of his right arm. Heather Taylor, the only vocational expert to evaluate Dunlap, testified that she conducted job-market research, and she was not able to identify any current openings that fit Dunlap's physical and academic limitations and his lack of transferrable skills. Taylor also testified that she contacted the Highway Department and asked if there was any possibility of Dunlap's returning to work. However, in 2016, she was told that Dunlap had "previously resigned his employment." Taylor stated that she was not aware of any effort to return Dunlap to work at the Highway Department, and no evidence was introduced to show documentary evidence of a resignation. The ALJ accorded "greater weight to Mr. Dunlap's testimony that he never heard from the Department than the statement that someone at the Highway Department made to Ms. Taylor that Mr. Dunlap resigned."

This court reverses the Commission's decision only if we are convinced that fair-minded persons could not have reached the same conclusion with the same facts before them. *See Pafford Med. Billing Servs., Inc. v. Smith*, 2011 Ark. App. 180, 381 S.W.3d 921. We are also foreclosed from determining the credibility and weight to be accorded each witness's testimony as it is in the Commission's exclusive province, and we defer to the Commission accordingly. *Wilson*, *supra*. Viewing the evidence in the light most favorable to the Commission's decision, we hold that substantial evidence supports its decision that

Dunlap is entitled to benefits for permanent total disability beginning on January 21, 2013.

Therefore, we affirm.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Charles H. McLemore Jr.*, for appellant Public Employee Claims Division.

*Steven McNeely Attorney at Law*, by: *Steven R. McNeely*, for appellee.