--------
BART F. VIRDEN, Judge *44 Appellant, Don Randall Jackson (deceased), was tragically killed on July 11, 2014, while employed by appellee Smiley Sawmill, LLC. Jackson's widow, as personal representative of Jackson's estate, filed a negligence complaint in circuit court against Smiley Sawmill in August 2016 on the basis of her belief that Jackson, a truck driver for Smiley Sawmill, was an independent contractor. The employer had the case transferred to the Arkansas Workers' Compensation Commission and maintained that Jackson was an employee. Jackson contended that the employer should be estopped from asserting that he was an employee when it had not treated him and other truck drivers as employees for tax purposes and workers'-compensation insurance. Following a hearing, an administrative law judge (ALJ) determined that Jackson was an employee, and the Commission subsequently affirmed and adopted that decision.[1] Jackson argues that the Commission erred by failing to apply the doctrine of preclusion of inconsistent positions. Because the Commission made no ruling in that regard, we remand for further findings.
I. Exclusive Remedy
Arkansas Code Annotated section 11-9-105(a) (Repl. 2012) provides that the rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, the employee's legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer. If an employer fails to secure the payment of compensation as required by this chapter, an injured employee, or his or her legal representative in case death results from the injury, may, at his or her option, elect to claim compensation under this chapter or to maintain a legal action in court for damages on account of injury or death. Ark. Code Ann. § 11-9-105(b)(1). In Rankin v. Farmers Tractor & Equipment Co. , 319 Ark. 26, 888 S.W.2d 657 (1994), our supreme court interpreted the statute to mean that, if there was an employer-employee relationship and the employer provided workers'-compensation insurance coverage for its employees, then compensation is secured. Jackson does not dispute the fact that Smiley Sawmill had workers'-compensation insurance coverage on the day of his death. He contests only that he was covered by the insurance policy as an employee.
II. The Commission's Opinion
The Commission issued an opinion in which it considered the factors set forth in Franklin v. Arkansas Kraft, Inc. , 5 Ark. App. 264, 635 S.W.2d 286 (1982), and determined that Jackson was an employee, as opposed to an independent contractor. The Commission further stated,
It is also clear that the respondent did not report the claimant's work status properly to state and federal authorities. This clearly may raise other issues. However, these reports are not dispositive of whether the claimant is an employee or an independent contractor for workers' compensation purposes. Our case law is clear that the determination of employment status should be based on the factors as spelled out above and not on factors or criteria from other agencies or taxing authorities.
III. Discussion
Jackson argues that Smiley Sawmill should have been estopped from taking the position that he was an employee, given that the employer had consistently failed to identify him and other truck drivers as "employees" to taxing authorities and to its workers'-compensation insurance carrier. Jackson further contends that the factors in Franklin, supra , should not have been considered at all because, if the doctrine against inconsistent positions applies, Smiley Sawmill is estopped from now asserting that he was an employee when it had treated him as an independent contractor.
The doctrine against inconsistent positions is a form of estoppel that prevents an individual from asserting claims that are inconsistent with the individual's previous positions. Dupwe v. Wallace , 355 Ark. 521, 140 S.W.3d 464 (2004) ; Fureigh v. Horn , 2014 Ark. App. 234, 434 S.W.3d 390. In Dupwe , which involved judicial estoppel, the supreme court noted that judicial estoppel is characterized as a branch of the doctrine against inconsistent positions. Id. The court pointed out, however, that the doctrine against inconsistent positions is much broader than judicial estoppel, which prohibits a party from manipulating the courts through inconsistent positions to gain an advantage. Id. The doctrine against inconsistent positions, on the other hand, may apply to positions taken outside litigation. Id.
*46 This court stated, "We believe that it would be inherently unfair to permit appellees to take these inconsistent positions, and we, therefore, hold that they are estopped from rejecting the Whitfield survey when they had relied on it only one year before their dispute arose with appellants." Id. at 209, 619 S.W.2d at 308.
It is well settled that whether estoppel is applicable is an issue of fact to be decided by the trier of fact. Dickson v. Delhi Seed Co. , 26 Ark. App. 83, 760 S.W.2d 382 (1988). Although the Commission here considered the evidence of the inconsistent position held by Smiley Sawmill with respect to Jackson's employment status, it treated the evidence as one of the many factors to consider. We hold that the Commission erred in not first determining whether the doctrine against inconsistent positions applies.
We remand for further findings on whether the doctrine against inconsistent positions applies, which would foreclose the need for any analysis of the factors in Franklin , supra , to determine whether Jackson was an employee or an independent contractor.[2] In other words, if the doctrine applies and Smiley Sawmill is estopped from taking an inconsistent position, then Jackson was not an employee whose exclusive remedy is recovering damages from the employer through workers' compensation, and Jackson's widow may proceed with her lawsuit in circuit court.
Remanded for further findings.
Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. Ark. Highway & Transp. Dep't v. Dunlap , 2017 Ark. App. 637, 535 S.W.3d 674. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. Id.
Harris v. Hanson Indus. , 46 Ark. App. 140, 878 S.W.2d 1 (1994) (when the Commission found that treatment by a particular doctor was unauthorized, but claimant had relied on insurance carrier's position that it would accept that doctor without a formal change of physician, this court remanded for the Commission to make a finding whether the insurance carrier was estopped from denying claimant's change of physician).