SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-135

|  |  |
|---|---|
| KELLEY DELARGY | **Opinion Delivered** September 24, 2014 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | WORKERS' COMPENSATION |
| | COMMISSION |
| | [No. F909336] |
| GOLDEN YEARS MANOR and | |
| CANNON COCHRAN MANAGEMENT | |
| SERVICES, INC. | |
| APPELLEES | REVERSED and REMANDED |

## LARRY D. VAUGHT, Judge

Appellant Kelley Delargy appeals from a decision of the Arkansas Workers' Compensation Commission (Commission) denying further benefits following a compensable lumbar spine injury she suffered when helping lift a resident from the floor to an ambulance stretcher while working as a licensed practical nurse for appellee Golden Years Manor. Appellee paid for medical treatment and other benefits until August 2010. However, over the next three years there were several controverted claims. After a review of a hearing on the claims, in a December 2013 opinion, the Commission found that Delargy had previously reached maximum-medical improvement; that she failed to establish by a preponderance of the evidence that any additional medical treatment was authorized or reasonable, necessary, and related to her work; that she was entitled to additional temporary total-disability benefits or permanent-partial-disability benefits; and that she was entitled to wage loss. We reverse and remand because Delargy was not properly notified of her "change of physician" rights and responsibilities.

SLIP OPINION

We focus our attention on the portion of Delargy's claim of error in the Commission's decision, which found that a portion of Delargy's medical treatment was unauthorized. The Commission cited the provision of Arkansas Code Annotated section 11-9-514 (Repl. 2011) that provides that unauthorized medical expenses are not the responsibility of the employer if incurred after the employee received "a copy" of the notice of injury, which shall be delivered to the employee "in person or by certified or registered mail" and which "explains the employee's rights and responsibilities concerning change of physician."

In the Commission's opinion, it stated:

> The Claimant testified that she received, read, and signed a Commission Form AR-N on October 14, 2009. . . . Form AR-N . . . includes language detailing an employee's statutory rights and responsibilities with regard to medical treatment and change of physician. The evidence in the present matter demonstrates that the respondents delivered to the claimant in person a copy of a notice explaining the claimant's rights and responsibilities regarding change of physician, in accordance with Ark. Code Ann. section 11-9-514(c) (Repl. 2002).

Appellant argues that the Commission failed to properly apply section 11-9-514 when it found that her treatment from her physician, Dr. Richard Peek, was unauthorized. Specifically, she argues that the evidence does not support the Commission's finding that she actually received a copy of Form AR-N. We agree with her that the statutory requirements related to the Form AR-N were not proved at the hearing.

First, the actual signed Form AR-N is neither in the abstract nor in the record (neither is the change-of-physician request). Second, Delargy's testimony was merely that she "did read and sign" the form. However, the requirements of "receiving" the form are statutory in nature, requiring that



(1) After being notified of an injury, the employer or insurance carrier shall deliver to the employee, in person or by certified or registered mail, return receipt requested, a copy of the notice, approved or prescribed by the commission, which explains the employee's rights and responsibilities concerning change of physician.

(2) If, after notice of injury, the employee is not furnished a copy of the notice, the change of physician rules do not apply.

Ark. Code Ann. § 11-9-514(c) (Repl. 2011). We are obliged to strictly construe and apply the workers' compensation act. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2002). Furthermore, there must be substantial evidence that the employer complied with the statutory mandate, but here, there is no evidence to support the Commission's finding that Delargy received a copy of the notice of the procedure involved in changing physicians.

Arkansas Code Annotated section 11-9-514(a)(2)(A) allows a one-time-only change of physician. Subsection (c)(1) mandates that the employer, after being notified of an injury, deliver a copy of a notice to the employee, in person or by certified or registered mail, return receipt requested, explaining the employee's rights and responsibilities concerning change of physician. If the employee is not furnished a copy of the notice, the change of physician rules do not apply. Ark. Code Ann. § 11-9-514(c)(2).

Here, there is a complete lack of evidence to support the Commission's finding that appellant "received" the form. Based on our substantial-evidence standard of review, this case must be reversed due to the lack of evidence supporting the Commission's finding that appellee complied with the notice provision relating to Delargy's change-of-physician rights. We also remand for the Commission to consider the remaining controverted issues in light of the fact that now—in relation to this claim—the "change of physician rules do not apply." Ark. Code Ann. § 11-9-514(c)(2).



Reversed and remanded.

GRUBER and WHITEAKER, JJ., agree.

*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellant.

*Michael E. Ryburn*, for appellees.