RAYMOND R. ABRAMSON, Judge
Charles Fuller appeals the order of the Arkansas Workers' Compensation Commission (the Commission) denying his claim for benefits. On appeal, Fuller argues that the Commission erred in finding that he failed to establish entitlement to (1) temporary total-disability and temporary partial-disability benefits and (2) additional medical treatment. We affirm.
Fuller worked as an emergency medical technician for Pope County. On June 22, 2015, Fuller injured his back while moving a patient from a gurney to a cot. He immediately reported the injury to his supervisor, and Pope County sent him to Monfee Medical Clinic, where an APN gave him a Toradol injection and a muscle relaxer. He returned to Monfee Medical Clinic on June 26, 2015, and received another injection, and the APN placed him on light-duty restrictions. On June 29, 2015, the APN found that Fuller had reached maximum medical improvement and released him to work on July 3 with no restrictions. Fuller returned to work for Pope County on that day, and he continued to work through the end of August. However, in September, he retired early. After he retired, Fuller continued to experience pain. He sought additional medical treatment through his personal physician. Pope County refused to pay for the medical treatment not received at Monfee Medical Clinic.
Fuller then filed a workers'-compensation claim seeking additional medical treatment, temporary total-disability benefits from August 30 through November 1, 2015, and temporary partial-disability benefits from November 1, 2015, through a date to be determined. An administrative law judge (ALJ) held a hearing on April 27, 2016.
At the hearing, Fuller testified that after he injured his back on June 22, 2015, he returned to work on July 3, 2015, but that he was not pain free and returned for financial reasons. He explained that the pain progressively worsened and that it prevented him from performing his duties at Pope County. He testified that he had previously been suspended from work for *854 calling in sick, and he believed that if he requested more sick leave, he could either receive a greater suspension or be terminated. Thus, Fuller decided to enter retirement early. He stated that he informed his supervisor, Doug Duerr, that he needed to retire due to his back pain. He testified that after his retirement, he continued to experience pain and therefore sought additional medical treatment from his personal physician.
On cross-examination, Fuller admitted that he suffered from chronic back problems before his June 22, 2015 injury and that he had had an MRI, which showed two bulging disks. He stated that he had been on hydrocodone and that he had to constantly deal with his back pain. Fuller also testified that after his retirement from Pope County, he began working at the Dardanelle Post Office and that he works there about one to two hours a day.
At the hearing, Pope County introduced into evidence a "Work Ability and Plan of Care" document from the Monfee Medical Clinic dated June 29, 2015. On the form, the APN indicated that Fuller "had reached maximum medical improvement" and "may return to work without restrictions on July 3."
Pope County also introduced into evidence a form AR-N bearing Fuller's signature. The form provides, "My signature below indicates that I have been provided my rights regarding change-of-physician." Fuller admitted at the hearing that he completed the form, because the signature on the form matches his signature; however, he did not remember completing it, and he did not remember who gave him the form.
Duerr, Fuller's supervisor and the director of emergency services for Pope County, testified that when an employee suffers an injury at work, it is the common practice of his office to provide the injured employee with a form AR-N. He testified that he did not specifically remember providing Fuller with a form AR-N but that he was certain Fuller received the form.
Following the hearing, the ALJ entered a written order finding that Fuller had failed to prove entitlement to temporary total-disability benefits or temporary partial-disability benefits after July 3, 2015. The ALJ further found that Fuller had failed to prove entitlement to additional medical treatment. Fuller appealed the ALJ's decision to the Commission.
The Commission affirmed the ALJ's decision. Specifically, the Commission found that Fuller was not entitled to additional medical treatment because Pope County provided Fuller with notice of the change-of-physician procedure in the form AR-N, and Fuller sought additional medical treatment outside the change-of-physician rules. In making this determination, the Commission specifically credited Duerr's testimony that Fuller received the form. As to temporary total-disability benefits and temporary partial-disability benefits, the Commission found that Fuller had reached the end of his healing period on July 3, 2015, and thus was not entitled to benefits after that date. In determining that Fuller had reached the end of his healing period, the Commission cited the APN's evaluation of Fuller on June 29, 2015, as well as the fact that Fuller returned to work on July 3, 2015. Fuller appealed the Commission's decision to this court.
We review Commission decisions to determine whether there is substantial evidence to support them. Towler v. Tyson Poultry, Inc. , 2012 Ark. App. 546, 423 S.W.3d 664. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id. We review the evidence and *855 all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. Id. The Commission is the ultimate arbiter of weight and credibility. Id.
On appeal, Fuller first argues that the Commission erred in finding that he failed to establish entitlement to temporary total-disability benefits from August 30 through November 1, 2015, and temporary partial-disability benefits from November 1, 2015, to a date to be determined. He asserts that the evidence shows that he was completely unable to work from August 30 through November 1, 2015. He further argues that the evidence shows that he returned to work in November but that he could work only part time.
Temporary total disability is appropriate during the healing period in which an employee suffers a total incapacity to earn wages. Crawford v. Superior Indus. , 2009 Ark. App. 738, 361 S.W.3d 290. Temporary partial disability is appropriate during the healing period in which an employee suffers a partial incapacity to earn wages. Amaya v. Newberry's 3N Mill , 102 Ark. App. 119, 282 S.W.3d 269 (2008). The healing period is that period for healing of an accidental injury that continues until the employee is as far restored as the permanent character of his injury will permit and that ends when the underlying condition causing the disability has become stable and nothing in the way of new treatment will improve that condition. Farmers Co-op. v. Biles , 77 Ark. App. 1, 69 S.W.3d 899 (2002). The claimant has the burden to show that he remains in the healing period by a preponderance of the evidence. Hickman v. Kellogg, Brown & Root , 372 Ark. 501, 277 S.W.3d 591 (2008). When the healing period has ended is a factual determination that the Commission must make, and it will be affirmed on appeal if supported by substantial evidence. Tyson Foods, Inc. v. Turcios , 2015 Ark. App. 647, 476 S.W.3d 177.
In this case, we hold that the Commission's decision that Fuller failed to establish entitlement to temporary total-disability benefits and temporary partial-disability benefits after July 3, 2015, is supported by substantial evidence. The evidence shows that on June 29, 2015, the APN at Monfee Medical Clinic determined that Fuller had reached maximum medical improvement and released him to work on July 3, 2015, with no restrictions. And Fuller returned to work on that day. Even though Fuller testified that he had to retire early due to back pain and can work only a part-time job, it is the Commission's duty to make credibility determinations and to resolve any conflicts. Searcy Indus. Laundry, Inc. v. Ferren , 82 Ark. App. 69, 110 S.W.3d 306 (2003). Accordingly, we affirm on this point.
Fuller next argues that the Commission erred in finding that he was not entitled to additional medical treatment because he received a form AR-N containing notice of the change-of-physician rule but pursued unauthorized medical treatment. He asserts that the circumstances here are similar to those in Delargy v. Golden Years Manor , 2014 Ark. App. 499, 442 S.W.3d 889, and that there is insufficient evidence that he actually received a copy of the form.
Pursuant to Arkansas Code Annotated section 11-9-514(a)(3)(A)(i) (Repl. 2012), the employer has the right to select the initial treating physician. An employee may request a one-time change of physician. Ark. Code Ann. § 11-9-514(a)(2)(A), (a)(3)(A)(ii), (iii). When a claimant seeks a change of physician, he must petition the Commission for approval. Stephenson v. Tyson Foods, Inc. , 70 Ark. App. 265, 19 S.W.3d 36 (2000). Treatment or services *856 furnished or prescribed by any physician other than the ones selected according to the change-of-physician rules, except emergency treatment, shall be at the claimant's expense. Ark. Code Ann. § 11-9-514(b) ; St. Edward Mercy Med. Ctr. v. Chrisman , 2012 Ark. App. 475, 422 S.W.3d 171.
Arkansas Code Annotated section 11-9-514(c)(1) mandates that the employer, after being notified of an injury, deliver a copy of a notice to the employee, in person or by certified or registered mail, return receipt requested, explaining the employee's rights and responsibilities concerning change of physician. If the employee is not furnished a copy of the notice, the change-of-physician rules do not apply. Ark. Code Ann. § 11-9-514(c)(2). In Delargy , this court found there was insufficient evidence to support the Commission's finding that appellant received notice of the change-of-physician rule when the form AR-N was not in the record and the claimant merely testified that she had read and signed the form. 2014 Ark. App. 499, 442 S.W.3d 889. There was no evidence that she "received" the form. Id. at 3, 442 S.W.3d at 891.
We hold that the circumstances here are unlike Delargy and that there is substantial evidence to support the Commission's finding that Fuller received a copy of the form AR-N. A copy of Fuller's form AR-N is in the record bearing Fuller's signature. Even though Fuller testified that he did not remember receiving a copy of the form, Duerr testified that it is the common practice of his office to provide an injured employee a copy of form AR-N and that he was certain Fuller received a copy of the form in this case. Once again, it is the Commission's duty to make credibility determinations. Searcy , 82 Ark. App. 69, 110 S.W.3d 306. Accordingly, the circumstances here are unlike Delargy , and we affirm on this point.
We also must address Pope County's motion for attorney's fees and costs associated with its supplemental abstract, which was submitted with this case. Under Arkansas Supreme Court Rule 4-2(b)(1), we have the authority to make such an award to compensate the appellee for its supplementation if we determine that the appellant's abstract and addendum are deficient. In this case, we find an award of fees and costs is unwarranted. We therefore deny the motion.
Affirmed; motion denied.
Gruber, C.J., and Klappenbach, J., agree.