Cite as 2024 Ark. App. 623

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-689

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** December 11, 2024 |
| JOSE PEREZ | | APPEAL FROM THE ARKANSAS |
| | APPELLANT | WORKERS' COMPENSATION |
| | | COMMISSION |
| V. | | [NO. G708197] |
| | | |
| SOUTHERN TIRE MART, LLC; AND | | |
| LIBERTY MUTUAL INSURANCE | | |
| COMPANY | | AFFIRMED |
| | APPELLEE | |

## KENNETH S. HIXSON, Judge

Appellant Jose Perez appeals from a June 29, 2023, opinion by the Arkansas Workers'

Compensation Commission (Commission) affirming and adopting the findings of fact and

conclusions of law made by the administrative law judge (ALJ) in favor of appellees Southern

Tire Mart, LLC (Southern Tire); and Liberty Mutual Insurance Company (Liberty).  The

Commission found that appellant was not entitled to additional temporary total-disability

(TTD) benefits.  On appeal, appellant contends that substantial evidence does not support

the Commission's decision.  We affirm.

### I. *Relevant Facts*

This is the second time these parties have been before us.  *S. Tire Mart, LLC v. Perez*,

2022 Ark. App. 179, 644 S.W.3d 439 (*Perez I*).  The facts of the claim are more thoroughly

set out in that opinion.  However, a brief description of the case history is helpful here.  The

parties stipulated that on October 13, 2017, appellant sustained a compensable work-related injury to his back while lifting a tire on a service call during his employment with Southern Tire. Appellant was initially treated at White County Medical Center where lumbar spine x-rays showed no fracture or subluxation. He was diagnosed with back pain and sciatica; prescribed Valium, Norco, and a Medrol Dosepak; and discharged home in a wheelchair. Thereafter, appellant had further issues and was seen at Searcy-Sherwood Urgent Care on October 23, 2017, where he was assessed with "[s]prain of ligaments of lumbar spine." He was referred for physical therapy and released back to work but was placed on several restrictions, including that he should not lift over five pounds at any time and that he should not twist, bend, stoop, or strain. Appellant returned to Searcy-Sherwood Urgent Care on October 31, 2017, for low back pain. An MRI of appellant's sacrum revealed a grade one muscle strain involving the gluteus maximus. Our record reflects that appellant was again released back to work on November 9, 2017, with some additional restrictions.

Appellant was subsequently seen at the Arkansas Spine and Pain Center and began receiving conservative treatment from Dr. Julio Olaya and others for low back pain. Appellant was referred to Dr. Carlos Roman at the Southern Regional Anesthesiology Consultants. On July 26, 2018, Dr. Roman stated the following in his report in pertinent part:

> *The main issue here is that he had a lumbar strain. I see no indication for further procedures. He is obviously not a surgical candidate. . . . He is overmedicated. They put him on way too much opiates. He has been on those way too long and he obviously has developed some habituation to them. . . .*

2

> *I will see him back in about four weeks and see if we can get this gentlemen off his medications and find other modalities to control pain while he continues to work. As it pertains to his injury, the impairment rating would be 0% and he should not require long-term use of medications. . . .*
> *Plan: As stated. We will get that addressed and keep this gentleman working.*

(Emphasis added.)

Appellant continued to follow up with Dr. Olaya and received several treatments for his low back pain. After a second MRI on June 5, 2020, Dr. Olaya recommended that appellant undergo a Superion procedure,[1] and the parties disputed whether appellant was entitled to receive this additional medical treatment. Appellant filed a claim for additional medical treatment. The ALJ denied the claim; however, the Commission reversed the ALJ and awarded additional medical treatment. We affirmed the Commission's decision in *Perez I.*

While *Perez I* was still pending in this court, appellant apparently decided to undergo the Superion procedure on September 23, 2021, using his own personal insurance and finances.[2] He subsequently claimed the procedure did not help his pain, and he is still receiving additional medical treatment with new physicians. Now, appellant claims he is entitled to TTD benefits from the original hearing date in *Perez I*, December 8, 2020, or in the alternative, from September 23, 2021, the date of his procedure, to a date to be

---

[1]A Superion procedure is a minimally invasive treatment that addresses lumbar spinal stenosis (LSS) by placing an FDA-approved Superion interspinous titanium alloy spacer to act as an extension blocker between the spinous processes of two adjacent vertebrae.

[2]Compensation for the costs related to the Superion procedure is not part of this appeal.

determined. Appellees disagreed, and appellant's entitlement to TTD benefits is the subject of this appeal.

A hearing regarding TTD benefits was held on December 13, 2022. The parties agreed at the hearing that the sole issue before the Commission was whether appellant was entitled to TTD benefits. Appellees argued appellant's claim should be barred by the doctrine of laches because appellant should have raised the issue at the previous hearings, which he failed to do. They further argued that they suffered prejudice from appellant's failure to make a timely claim because they were unable to have appellant return to work or to have him see a doctor for a rating. Appellees alternatively argued that even if preserved, appellant is not entitled to TTD benefits because appellant admitted at the last hearing that he had been fully released and had been working, there were other jobs appellant could perform, and the Superion procedure was supposed to provide immediate relief.

Appellant disagreed that his claim was barred and argued that he had filed a Form AR-C and had reserved his right to pursue disability benefits. Therefore, appellant argued that his claim was timely and that he was entitled to TTD benefits.

The parties agreed that they were unable to obtain any additional medical documents from either the pain clinic or Dr. Olaya, who performed the Superion procedure. Dr. Olaya had left the clinic, and appellant's medical records apparently left with him. That said, the prehearing questionnaires, other medical records, payment records, and the previous record that was filed in *Perez I* were admitted into the record without objection.

4

Appellant testified that he was forty years old at the time of the hearing.  He explained that he had attended school through the fifth grade in Mexico and attended no further schooling in the United States.  He worked for Southern Tire for approximately ten years before he sustained a compensable back injury while lifting a large tire.  Appellant repeated some of his treatment history as already outlined in *Perez I*, which included receiving multiple injections, before he underwent the Superion procedure (also referred to herein as his "surgery") with Dr. Olaya on September 23, 2021.

Appellant testified that when he returned to the clinic after his surgery, Dr. Olaya was no longer at the clinic.  He claimed that the clinic denied that he had any surgery and told him that they did not have any medical records for him.

Appellant later met with Dr. Nissan, who removed the stitches from his back.  He told Dr. Nissan that the procedure had not helped his pain.  According to appellant, Dr. Nissan subsequently refused to see him and referred him to Dr. Mohammed Tolba.  Dr. Tolba gave appellant back injections on October 12, 2021, and on January 4, 2022, in the same area of his previous surgery.  Appellant claimed that those injections did not help him and that the surgery was performed in the wrong spot.

Appellant testified that Dr. Olaya personally called him and stated, "Hey I moved to a different doctor.  He's got a beautiful place.  I'm gonna help you with your surgery.  We'll do the surgery in the right place, which you really need it, and can see me."  Dr. Olaya also told him that he would have to "cancel the contract" in order to see him.  Appellant explained that he saw Dr. Olaya one more time, but he subsequently received a letter that

5

the new clinic was closed and that Dr. Olaya was no longer at that clinic. He was unable to locate Dr. Olaya after that visit.

Appellant testified that he then saw Dr. Butchaiah Garlapati and received another injection on September 19, 2022. Appellant explained that he more recently had been seeing Dr. Fletcher at Pain Treatment Center of America in Searcy, Arkansas. He thought Dr. Fletcher was considering another surgery to relieve his pain. Appellant claimed that he continued to experience pain in his lower back and that he was unable to work under the circumstances. He stated that he had not worked since December 8, 2020, the date of the last hearing. However, appellant admitted that he had worked after his injury and before December 8, 2020. He admitted that after he was laid off from Southern Tire, he worked with his wife at a hotel and also at a restaurant. However, he claimed that he quit working due to the pain he experienced.

On cross-examination, appellant admitted that no doctor had taken him off work completely and that before his surgery, he had been "released to return to full duty." Appellant further admitted that he currently did not have any record from any doctor opining that he could not work. When asked if he was currently looking for employment, appellant responded that he was not because his "pain is horrible."

The ALJ filed an opinion on February 27, 2023, that made the following relevant findings:

> The parties agreed at the beginning of the hearing that the sole issue before the Commission was the issue of the claimant being entitled to temporary total disability from December 8, 2020, or, in the alternative, from the date of the surgery

6

on September 23, 2021, to a date to be determined. The facts in this matter are unusual due to the fact the doctor who performed the procedure on the claimant's back has disappeared along with the medical records that should have been preserved at the facility where the out-patient procedure was performed. Here instead of having a normal issue such as dueling medical opinions, we are basically faced with the fact that both parties agree many important medical records have simply disappeared.

The claimant bears the burden of proof in establishing entitlement to benefits under the Arkansas Workers' Compensation Act and must sustain that burden by a preponderance of the evidence. *Dalton v. Allen Engineering Co.*, 66 Ark. App 201, 989 S.W.2d 543.

The claimant injured his back in a work-related injury on October 13, 2017, and the claim was accepted as compensable. He received treatment from Doctor Olaya, receiving lumbar epidural steroid injections, facet medial branch blocks, and oral pain medications. He contended he received little relief from his pain and after a contested hearing, was successful in obtaining the Superion procedure, which was recommended and performed by Dr. Olaya on September 23, 2022. The claimant admitted that no doctor had taken him off-work completely and that Dr. Olaya had provided he should be released to work.

Temporary total disability is that period within the healing period in which an employee suffers a total incapacity to earn wages. *Arkansas State Highway and Transportation Department v. Breshears*, 272 Ark. 244, 613 S.W. 2d 392 (1984). The claimant bears the burden of proving both that he remains within his healing period and in addition, suffers a total incapacity to earn pre-injury wages in the same or other employment. *Palazzo v. Nelms*, 46 Ark. App. 130, 877S.W.2d 938 (1994). The healing period ends when the underlying condition causing the disability has become stable and nothing further in the way of treatment will improve the condition. *Mad Butcher, Inc. v. Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982).

The injured employee bears the burden of proving his inability to earn any meaningful wage. Ark. Code Ann. § 11-9-519(e)(1) & (2). In the present matter, the claimant admitted to some work after the injury. There are no medical reports of record providing that the claimant should remain off-work due to his lower back injury, and no physician has opined that the claimant was unable to resume any gainful employment. The disappearance of the medical records possibly constitutes an injustice to the claimant, but the law is clear that the claimant has the burden of proof. The claimant testified he had persistent pain which resulted from the original work-related injury and the following Superion surgery. However, persistent pain is not sufficient in itself to extend the healing period or to find the claimant totally

7

incapacitated from earning wages. *See Mad Butcher, Inc. v. Parker, supra.* Temporary total disability cannot be based on speculation or conjecture. Consequently, there is no alternative but to find that the claimant has failed to satisfy the required burden of proof that he is entitled to temporary total disability.

After reviewing all the evidence, without giving the benefit of the doubt to either party, there is no alternative but to find that the claimant has failed to prove, by a preponderance of the credible evidence, that he is entitled to temporary total disability. If not already paid, the respondents are ordered to pay for the cost of the transcript forthwith.

Appellant appealed the ALJ's decision, and on June 29, 2023, the Commission, in a unanimous decision, affirmed and adopted the ALJ's opinion as its own. This appeal followed. Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. *SSI, Inc. v. Cates*, 2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Id.* Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. *Id.*

## II. *Standard of Review*

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Id.* Additionally, questions concerning the

credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.* Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *Wilson v. Smurfit Stone Container*, 2009 Ark. App. 800, 373 S.W.3d 347 (2009). When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id.* Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Prock, supra*.

### III. *TTD Benefits*

TTD benefits are appropriate during the healing period in which an employee suffers a total incapacity to earn wages. *Wall Farms, LLC v. Hulsey*, 2017 Ark. App. 624, 534 S.W.3d 771. The healing period is that period for healing of an accidental injury that continues until the employee is as far restored as the permanent character of his injury will permit and that ends when the underlying condition causing the disability has become stable and nothing in the way of new treatment will improve that condition. *Fuller v. Pope Cnty. Judge*, 2018 Ark. App. 1, 538 S.W.3d 851. The claimant has the burden to show that he remains in the healing period by a preponderance of the evidence. *Id.* When the healing period has ended is a factual determination that the Commission must make, and it will be affirmed on appeal if supported by substantial evidence. *Id.*

Appellant argues on appeal that he was entitled to TTD benefits commencing with various alternative dates: the last date he worked for Southern Tire, the date of his previous hearing, or the date of his Superion procedure. However, the Commission held that appellant was not entitled to any additional TTD benefits, and we affirm this decision.

The thrust of appellant's argument is that he is entitled to continuing TTD benefits because he remains in his healing period, and Southern Tire was no longer offering him light-duty work since it terminated his employment on February 15, 2019. He further argues that "[n]o doctor has lifted Appellant's restrictions and no doctor has found him to have reached maximum medical recovery." This argument is unconvincing because the Commission found that appellant failed to meet his burden of proof that he was *totally* incapacitated from earning wages as required to be eligible for TTD benefits. *See Hulsey*, *supra*. There are no medical reports of record providing that appellant should remain off work due to his lower back injury, and no physician has opined that appellant was unable to resume *any* gainful employment. In fact, our record contains two work slips releasing appellant back to work early in this case. Although those slips found appellant fit for duty with some restrictions, the expiration dates listed on those slips for those restrictions have long since passed. Appellant admitted at the hearing that no doctor had taken him off work completely and that before his surgery, he had been "released to return to full duty." Despite being recently treated by Dr. Fletcher and Dr. Garlapati, appellant further admitted that he currently did not have any record from any doctor opining that he could not work. Instead, he claimed that he could not work because he had persistent pain, but the Commission was

10

not required to credit his self-serving testimony.  Given this record, we hold that there was a substantial basis for the Commission's denial of TTD benefits and affirm.

Affirmed.

GLADWIN and THYER, JJ., agree.

*Gary Davis*, for appellant.

*Michael E. Ryburn*, for appellees.